**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4231**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ROGER ALLEN HALL,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CR-02-12)

———————

Submitted:  June 19, 2003            Decided:  June 24, 2003

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David H. Wilmoth, Elkins, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roger Allen Hall pled guilty to causing a person to make a false statement in the acquisition of a firearm, a Ruger .22 caliber rifle, in violation of 18 U.S.C. § 922(a)(6) (2000), and was sentenced to a term of 120 months imprisonment. Hall argues on appeal that the district court erred in finding that he attempted to obstruct justice during the investigation. U.S. Sentencing Guidelines Manual § 3C1.1 (2002). We affirm.

Hall, a convicted felon, asked his son, Troy Hall, to buy a Ruger rifle for him and gave him the money for the purchase. A short time later, the rifle and another firearm were seized by officers from the West Virginia Department of Natural Resources (DNR) who came to Hall's residence investigating the illegal taking of deer. Hall denied owning the Ruger and, after the officers left, called Troy and told him that, if he were asked about the Ruger, he should say that the gun was his, and that he had left it at his father's house. The DNR officers later contacted the Bureau of Alcohol, Tobacco, and Firearms (ATF) for assistance. When Troy Hall was interviewed by ATF agents in December 2001, he first told them the false story suggested by his father, but then told them the truth.

Hall contends that the § 3C1.1 adjustment was error in that his obstructive conduct did not occur during the investigation of the "instant offense," as required under USSG § 3C1.1, because the

2

federal investigation had not begun when he told his son to lie about the Ruger rifle.[*]  However, § 3C1.1 makes no distinction between a federal and a state investigation of the instant offense. <u>United States v. Self</u>, 132 F.3d 1039, 1042 (4th Cir. 1997). Although the state investigation initially focused on game violations, Hall instructed his son to lie in an attempt to evade firearms charges.  The federal investigation of his conduct simply continued the work begun by the DNR officers.  Moreover, even though Hall's son recanted the lie, Hall's attempt to obstruct the investigation was enough to warrant the adjustment.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] A state firearms charge remained pending against Hall when he was sentenced for the instant federal offense.

3